## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF MISSOURI
## SOUTHERN DIVISION

ROBERT COLLINS,                    )
                                   )
            Plaintiff,             )
                                   )
v.                                 )        Case No. 6:11-CV-03435-BCW
                                   )
MICHAEL J. ASTRUE,                 )
Commissioner of Social Security,   )
                                   )
            Defendant.             )

## ORDER

Before the Court are Plaintiff Robert Collins' brief seeking judicial review of a final decision of Defendant Commissioner of Social Security (Doc. #11) and the Commissioner's brief in support of the Commissioner's decision (Doc. #15). Following full briefing by the parties, the Court heard oral argument at a hearing on January 24, 2013. Collins and the Commissioner each appeared by counsel.

This matter involves the appeal of the Commissioner's final decision denying Collins' application for supplemental security income benefits based on disability under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381, *et seq.* The Court may review the Commissioner's final decision pursuant to 42 U.S.C. §§ 1383(c)(3), 405(g). The Court must determine whether the Commissioner's finding that Collins was not disabled was "supported by substantial evidence on the record as a whole." Gragg v. Astrue, 615 F.3d 932, 938 (8th Cir. 2010) (citation omitted).

This determination requires review of the entire record, including both evidence in support of, and in opposition to, the Commissioner's decision. Fountain v. R.R. Ret. Bd., 88 F.3d 528, 530 (8th Cir. 1996). "The court's role is not to reweigh the evidence or try the issues de novo." Craig v. Chater, 943 F. Supp. 1184, 1188 (W.D. Mo. 1996) (citing McClees v.

Case 6:11-cv-03435-BCW   Document 18   Filed 02/01/13   Page 1 of 3

<u>Shalala</u>, 2 F.3d 301, 302 (8th Cir. 1994)). When supported by substantial evidence, the Commissioner's findings are conclusive and must be affirmed. <u>Richardson v. Perales</u>, 402 U.S. 389, 401 (1971).

Substantial evidence means "more than a mere scintilla" of evidence. <u>Id.</u> Rather, it "is relevant evidence that a reasonable mind would accept as adequate to support the Commissioner's conclusion." <u>Wheeler v. Apfel</u>, 224 F.3d 891, 894 (8th Cir. 2000) (citation omitted). The substantial evidence standard, however, "presupposes a zone of choice within which the decisionmakers can go either way, without interference by the courts." <u>Clarke v. Bowen</u>, 843 F.2d 271, 272 (8th Cir. 1988) (citation omitted). "An administration decision is not subject to reversal merely because substantial evidence would have supported an opposite decision." <u>Id.</u> at 272-73 (citation omitted). Hence, "if it is possible to draw two inconsistent positions from the evidence and one of those positions represents the agency's findings, [the Court] must affirm the decision." <u>Roe v. Chater</u>, 92 F.3d 672, 675 (8th Cir. 1996) (citation omitted).

An individual claiming disability benefits has the burden of proving he or she is unable to return to the type of work in which he or she was formerly engaged due to a medically determinable physical or mental impairment that has lasted or can be expected to last for a continuous period of not less than twelve months. <u>See</u> 42 U.S.C. § 423(d)(1)(A). If the claimant succeeds, the burden of production shifts to the Commissioner to establish the claimant can perform some other type of substantial gainful activity in the national economy. <u>See</u> <u>Young v. Apfel</u>, 221 F.3d 1065, 1069 n. 5 (8th Cir. 2000); 20 C.F.R. § 404.1560(c)(2).

**CONCLUSION**

The Court has reviewed the parties' briefs and the record. As a result of that review, the Court agrees with the arguments in the Commissioner's brief and finds the record as a whole reflects substantial evidence to support the Administrative Law Judge's decision. Accordingly, it is herby ORDERED, pursuant to Section 405(g), the Commissioner of Social Security's determination is AFFIRMED.

IT IS SO ORDERED.

DATE: <u>February 1, 2013</u>

<u>/s/ Brian C. Wimes</u>
JUDGE BRIAN C. WIMES
UNITED STATES DISTRICT COURT